# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MENDOZA, | No. CIV S-11-1495-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 7, 2011, the court dismissed petitioner's petition and directed petitioner to file an amended petition within 30 days naming the correct respondent.  Petitioner filed an amended petition on July 15, 2011, which continued to name the incorrect respondent.  On July 21, 2011, the court issued a second order directing petitioner to file an amended petition naming the correct respondent.  On August 5, 2011, petitioner filed a second amended petition, again failing to name the correct respondent.  Petitioner was warned that failure to comply with the court's orders may result in dismissal of this action for lack of prosecution.  See Local Rule 110.

1       The court must weigh five factors before imposing the harsh sanction of
2 dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket;
5 (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14       Having considered these factors, and in light of petitioner's inability or refusal to
15 file an amended petition naming the correct respondent as directed, the court finds that dismissal
16 of this action is appropriate.
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

1       Based on the foregoing, the undersigned recommends that this action be
2 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
3 orders.
4       These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court.  Responses to objections shall be filed within 14 days after service of
8 objections.  Failure to file objections within the specified time may waive the right to appeal.
9 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  August 15, 2011

12
13                               **CRAIG M. KELLISON**
                              UNITED STATES MAGISTRATE JUDGE